UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIO T. JONES,<br><br>Plaintiff,<br><br>v.<br><br>GRAY,<br>WILSON,<br>ANDERSON,<br>HOPPS,<br><br>Defendants. | ) | No. 1:26-cv-01767-JRO-MJD |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Mario T. Jones is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action complaining of the conditions of his cell in G-Cellhouse at Pendleton. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Jones's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He sues four defendants: Sergeant Gray, Officer Wilson, Officer Anderson, and Officer Hopps.

Jones alleges that around 4:00 p.m. on January 30, 2026, he was moved to a segregation cell in Pendleton's G-Cellhouse. Dkt. 1 at 2. Jones showed Officer Wilson that there was blood on the cell's floor, walls, sink, and toilet and there were feces "caked around the toilet." *Id.* Jones also told Officer Wilson that he needed to use the toilet, but there was no toilet paper. *Id.* Officer Wilson said he would see what he could be done because there were no "chemicals" in the cellhouse. *Id.* As to the toilet paper, Officer Wilson acknowledged that there was no toilet paper in the cellhouse, and when Jones asked what he was supposed to do if he needed the restroom, Officer Wilson said, "I don't know what to tell you." *Id.*

Around 6:30 p.m., Jones showed Officer Anderson the blood and feces in his cell. *Id.* She said that she would notify non-party Sergeant Harmon so he could have the bio-hazard team clean the cell. *Id.* Jones also told Officer Anderson that he lacked toilet paper, and she said she would try to find some, but she had not "seen any around." *Id.* Officer Anderson returned later that evening with paper towels that had a chemical on them. *Id.* She did not provide rubber gloves or toilet paper, or otherwise aid Jones in removing the blood and feces. *Id.* at 2–3.

Around 10:00 a.m. on January 31, Jones asked Officer Wilson when the bio-hazard team was coming. *Id.* at 3. Officer Wilson said that Jones would have to clean the cell himself on the following day. *Id.* Jones again asked for toilet paper but received none. *Id.* Officer Wilson did not provide any assistance to Jones regarding the blood and feces. *Id.*

Jones was taken to the shower around 3:00 p.m. that same day. *Id.* At that time, he spoke with Sergeant Gray about the blood and feces in his cell. *Id.* Sergeant Gray said he had "just sent the detail in for the day" but would see about having night shift take care of cleaning the cell, but that did not happen. *Id.* Sergeant Gray provided no assistance to Jones regarding the blood and feces. *Id.*

Around 1:00 p.m. on February 1, Officer Hopps provided a broom and germicide to Jones. *Id.* Jones cleaned his cell but was unable to remove the blood

and feces. *Id.* Despite being aware of these matters, Officer Hopps provided no further help. *Id.*

Jones either developed a rash or was "bitten by something," and the bio-hazard team never cleaned Jones's cell while he was in G-Cellhouse. *Id.*

Jones seeks compensatory and punitive damages. *Id.* at 4.

## III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, the complaint **shall proceed** as submitted on Eighth Amendment conditions of confinement claims against all four defendants.

"In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind." *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted).

Inmates have the right "not to be forced to live surrounded by their own and others' excrement." *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *see also DeSpain* v. Uphoff, 264 F.3d 965, 974–75 (10th Cir. 2001) (stating that "[e]xposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* [*v. Brennan*, 511 U.S. 825

(1994),] and the more general standards of dignity embodied in the Eighth Amendment") (cited favorably in *Hardeman*, 933 F.3d at 821; *Norfleet v. Stroger*, 297 F. App'x 538, 540 (7th Cir. 2008)).[1]

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 14, 2026,** in which to file a motion to reconsider the screening order.

## IV. CONCLUSION AND SERVICE OF PROCESS

This action is proceeding on Eighth Amendment conditions of confinement claims against Defendants Gray, Wilson, Anderson, and Hopps. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Gray, Wilson, Anderson, and Hopps in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 24, 2026, dkt.

[1] As to the toilet paper claims, the Court notes that the Seventh Circuit has held that "a prisoner's Eighth Amendment rights were not violated when he was not supplied with toilet paper for a short period of time." *Dye v. Lomen*, 40 F. App'x 993, 996 (7th Cir. 2002). *Accord Harris v. Fleming*, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (lack of toilet paper for five days not cruel and unusual); *Johnson v. Dunahay*, No. 17-CV-941-WMC, 2020 WL 4053972, at *5 (W.D. Wis. July 20, 2020) (distinguishing *Harris* but noting as a general matter of Seventh Circuit law that "the Seventh Circuit has held on multiple occasions that the lack of toilet paper for multiple days does not amount to a constitutional violation"). Whether or not this claim or the others survive summary judgment is for a later date. Jones has alleged enough to proceed with his claims at this time.

[1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/13/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

MARIO T. JONES
106644
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
Sergeant Gray
Officer Wilson
Officer Anderson
Officer Hopps
(All at Pendleton Correctional Facility)